UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CURTIS RAY SIMPKINS**          **CIVIL ACTION NO. 18-0961**

                                         **SECTION P**

**VS.**

                                         **JUDGE TERRY A. DOUGHTY**

**KEVIN W. COBB, ET AL.**          **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Curtis Ray Simpkins, a detainee at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on July 23, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Sheriff Kevin W. Cobb, Warden Chad Lee, Capt. Taylor, and Deputy Major.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

## Background

Plaintiff alleges that, on either June 9, 2018, or July 9, 2018, he discovered that someone obtained and used his bank card and Louisiana Purchase Card: someone deducted $1,500.00 from his savings account and $377.00 from his Louisiana Purchase Card. After inquiring, a lieutenant informed Plaintiff that his cards were "removed and given out . . . ." Captain Taylor later promised Plaintiff, on behalf of Warden Chad Lee, that he would "work everything out" for Plaintiff; however, three months elapsed and Plaintiff has not been compensated. Plaintiff seeks "to be fully refunded."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Lost or Stolen Property**

Plaintiff alleges that Defendants negligently or intentionally gave his bank card and Louisiana Purchase Card to another individual. Essentially, Plaintiff claims that Defendants violated his due process rights.

The *Parratt/Hudson*[3] doctrine provides that when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a post-deprivation tort cause of action in state

---

[3] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

law is sufficient to satisfy the requirements of due process.[4] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).[5]

Here, Plaintiff does not allege that he was deprived of his property by anyone acting pursuant to an official policy, custom, or procedure; rather, he describes random and unauthorized actions. Plaintiff should pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, Plaintiff's claim should be dismissed.[6]

---

[4] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

[5] See also *Suria v. Wathen*, 616 F. App'x 175 (5th Cir. 2015) (affirming dismissal of a claim, that correctional officers lost an inmate's personal property through gross negligence and dereliction of duty, on grounds that "negligent conduct is not actionable under § 1983."); *Krause v. Leonard*, 352 F. App'x 933 (5th Cir. 2009) (prisoner's claim, that police lost property that was inside his impounded automobile and allowed thieves to steal from his trailers during his time in jail, was not cognizable under Section 1983 because state law provided a meaningful post-deprivation remedy).

[6] See *Gill v. Shoemate*, 2006 WL 1285412, at *7-8 (W.D. La. May 8, 2006) (dismissing a claim that prison officials stole an inmate's wallet and reasoning that the inmate could seek redress under state law); *Matthews v. Jones*, 2012 WL 1802551, at *2-3 (S.D. Tex. May 17, 2012) (dismissing a claim that a prison official destroyed an inmate's wallet).

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Curtis Ray Simpkins' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Appoint Counsel, [doc. # 2], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 4th day of September, 2018.

                                                                          _____
                                                                          KAREN L. HAYES
                                                                          UNITED STATES MAGISTRATE JUDGE